## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BARNEY MILLER,                                        )
                                                     )
                          Plaintiff,                 )
                                                     )
vs.                                                  )          Case No. 08-1228-WEB-DWB
                                                     )
STATE OF KANSAS,                                     )
KANSAS HIGHWAY PATROL,                               )
                                                     )
                          Defendants.                )
_____                )

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER
## APPLICATION FOR APPOINTMENT OF COUNSEL

Plaintiff Barney Miller has filed a motion (Doc. 9) requesting that the Court

reconsider its previous order (Doc. 4) denying his Application for Appointment of

Counsel (Doc. 3).[1]  Having reviewed Plaintiff's submission, the Court is prepared

to rule.

As the Court previously discussed, the Tenth Circuit has identified four

factors to be considered when deciding whether to appoint counsel: (1) plaintiff's

ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the

merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case

---

[1]  Plaintiff's Motion (Doc. 9) also requests additional time to file a response to
Defendant's Motion to Dismiss (Doc. 6).  That request was granted by the District Court under
separate order.  (Doc. 10.)

without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  The Court previously acknowledged that Plaintiff had established his inability to afford counsel.  (Doc. 4, at 4.)

In denying Plaintiff's prior request for counsel, however, the Court noted that Plaintiff had not engaged in the requisite diligent search for counsel.  (*Id*.) Plaintiff's initial motion indicated that he had contacted only one attorney rather than the six required by the form Motion for Appointment of Counsel.  (*See* Doc. 3; Doc. 4, at n. 1.)  In requesting reconsideration of the issue, Plaintiff identifies by name four more attorneys he contacted, in addition to his requests for legal assistance through the Kansas City office of the National Federation for the Blind and the Disability Rights Center in Topeka.  (Doc. 9, at 3.)  As such, Plaintiff has made a reasonable and diligent search for counsel, thus satisfying the second *Castner* factor.  The Court previously determined that Plaintiff had satisfied the third *Castner* factor, stating that his claims are not frivolous on their face, for the purposes of this motion.  The Court's analysis thus turns on the final *Castner* factor – Plaintiff's capacity to prepare and present the case without the aid of

2

counsel.  979 F.2d at 1420-21.

As stated in this Court's previous Order, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court previously stated that the factual and legal issues in the present case are not unusually complex, *see **Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000), that Plaintiff did a capable job of navigating the EEOC filing procedure, and that he filed an adequate federal court Complaint.  (Doc. 4, at 7-8.)  Finding that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case, the Court held that it would consider revisiting the issue of appointment of counsel should Plaintiff provide the Court with sufficient evidence of a compelling need for a court-appointed attorney.

Since the entry of the Court's initial order denying appointment of counsel, Defendant Kansas Highway Patrol has filed a Motion to Dismiss (Doc. 6) raising two separate issues: (1) the sufficiency of service of process and (2) the capacity of the Kansas Highway Patrol to be sued.  This motion brings into play fairly complicated legal rules concerning suits against governmental entities.  While Plaintiff might well be able to present the facts of his case at a trial without assistance of an attorney, the procedural issues leading up to any determination of

the merits of the case are more complicated and difficult for a *pro se* party to navigate.  In addition, Plaintiff in this case suffers from a vision impairment making his ability to conduct the necessary legal research more difficult. Considering all of these factors, the Court will GRANT the motion for reconsideration and will GRANT Plaintiff's request for appointment of counsel. The Court will initiate the process for obtaining counsel for Plaintiff and will enter a final order of appointment after counsel has been located.  Because this process may take some time, the deadline for responding to Defendant's motion to dismiss is further extended from December 15, 2008, *see* Doc. 10, to **January 16, 2009.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to reconsider his application for appointment of counsel (Doc. 3) is **GRANTED** and Plaintiff's request for appointment of counsel is also **GRANTED**.

Dated at Wichita, Kansas, on this 25th day of November, 2008.

s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

4