IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARNEY MILLER,                        )
                                      )
       Plaintiff,             )
                                      )
v.                                    )      No. 08-1228-WEB
                                      )
STATE OF KANSAS HIGHWAY PATROL,       )
                                      )
       Defendant.             )
                                      )

**Memorandum and Order**

    Plaintiff Barney Miller filed a complaint alleging that the Kansas Highway Patrol discriminated against him in violation of the Americans with Disabilities Act by not allowing him to test for a Communication Specialist position with the agency. The matter is now before the court on the defendant's Motion to Dismiss.

    I. *Facts*.

    On July 29, 2008, Plaintiff Barney Miller filed a *pro se* complaint alleging discrimination under the ADA. He alleges that he has a disability consisting of a visual impairment, and that the Kansas Highway Patrol discriminated against him by refusing to allow him to test for a communication position with the agency. On his form complaint, in a space where the filer was directed to "enter the full name and address of Defendant in this action," plaintiff listed "State of Kansas" and immediately below that, "Kansas Highway Patrol," with an address of 122 S.W. 7th Street in Topeka. The form also directed that any additional defendants should be listed on the back of the form. No additional defendants were so listed, but a typed attachment provided by plaintiff included the caption "Barney Miller v. State of Kansas, Kansas Highway Patrol." Doc. 1.

An order granting plaintiff's motion to proceed *in forma pauperis* was granted on August 11, 2008, although plaintiff's request for appointment of counsel was denied without prejudice. Doc. 4.

A return showing service of summons by certified mail was filed on August 26, 2008. Doc. 5. The summons was sent to 122 S.W. 7th Street in Topeka, which is the Kansas Highway Patrol's General Headquarters. The receipt was signed for on August 22, 2008, by Jerry Rissen, of the Department of Administration Mail Services.

On September 9, 2008, defendant Kansas Highway Patrol, represented by the Kansas Attorney General's office, filed a motion to dismiss, which argued that the attempted service of process on the agency was improper and that the agency lacked the capacity to be sued under state law. Doc. 6.

On November 25, 2008, the Magistrate Judge reconsidered plaintiff's motion for appointment of counsel and determined that counsel should be appointed. Doc. 11. On February 3, 2009, the Magistrate Judge appointed attorney Larry G. Michel to represent plaintiff. Doc. 13.

II. *Motion to Dismiss*.

Defendant contends that under Fed.R.Civ.P. 4(j)(2) and K.S.A. § 60-304(d), plaintiff would have had to serve the Attorney General, an Assistant Attorney General, or the Patrol's chief executive officer in order to properly serve the Kansas Highway Patrol. Doc. 7 at 4. Because plaintiff did not do these things, defendant argues the service of process was insufficient and should be quashed. Additionally, defendant argues that the Highway Patrol lacks the capacity to be sued under Kansas law and, as such, it contends the action should be dismissed.

In response, plaintiff concedes the KHP lacks the capacity to be sued, but he argues the

2

action should not be dismissed. He asks the court to grant him leave, if necessary, to amend the complaint and/or to serve the proper party – the State of Kansas.[1]  Plaintiff further argues that the State received timely notice of the claim and that it should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.  As such, he contends that the amendment of the complaint will relate back to the date of the original pleading under Fed.R.Civ.P. 15(c)(1).

   III. *Discussion*.

Rule 4(m) of the Federal Rules of Civil Procedure provides in part that when a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time.  If the plaintiff shows good cause for the failure, the court must extent the time for service for an appropriate period.

Given the circumstances, including plaintiff's former *pro se* status and his attempt to serve the Kansas Highway Patrol, the court concludes that he has shown good cause for his failure to serve the State of Kansas within the 120 day period.  The court will therefore grant plaintiff an additional period of 30 days from the date of this order to attain service of process on the State of Kansas.

A review of plaintiff's complaint shows that the State of Kansas was arguably listed as a defendant.  At any rate, as plaintiff's counsel points out, the State, through the Attorney General, was undoubtedly aware of the action within the original 120-day period, and it should have

---

[1] Pursuant to Rule 15, a party may amend its complaint once as a matter of course prior to being served with a responsive pleading. *See 7240 Shawnee Mission Holding, LLC v. Memon*, 2008 WL 4001159 (D. Kan., Aug. 26, 2008) (motion to dismiss is not ordinarily considered responsive pleading under Rule 15).  Thus, plaintiff does not need leave of court to amend the complaint.

3

known that the action was or would have been brought against it but for a mistake concerning the proper party's identity.  Under the circumstances, the court will deny without prejudice the defendant Highway Patrol's motion to dismiss the action.  The defendant may renew the motion, if appropriate, after the additional 30-day period for service granted by the court has expired.

    IV.  *Conclusion*.

The defendant's Motion to Dismiss (Doc. 6) is DENIED without prejudice to refiling. Pursuant to Fed.R.Civ.P. 4(m), the court grants plaintiff 30 days from the date of this order to attain service of process on the State of Kansas.

IT IS SO ORDERED this  29th  Day of June, 2009, at Wichita, Ks.

                                    s/Wesley E. Brown
                                    Wesley E. Brown
                                    U.S. Senior District Judge