IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

BARNEY MILLER, )
 )
 Plaintiff, )
 )
v. ) Case No. 08-1228-WEB
 )
STATE OF KANSAS, )
HIGHWAY PATROL, )
 )
 Defendant. )

MEMORANDUM AND ORDER

Before the court is the plaintiff's pro se Motion to Reconsider (Doc. 31) and the plaintiff's motion to reappoint counsel (Doc. 32). The plaintiff requests the case be reinstated under section 504 of the Rehabilitation Act of 1973.

The pro se plaintiff filed a complaint alleging violations of the American with Disabilities Act of 1990 for failing to accommodate a visual disability. The defendant filed a motion to dismiss, and the court appointed counsel for the plaintiff. The court dismissed the plaintiff's complaint, holding the State is immune from suits alleging violations of Title I of the ADA. The court also ruled that Title II of the ADA did not apply to employment discrimination.

The plaintiff's motion for reconsideration requests the case be reinstated under section 504 of the Rehabilitation Act of 1973. The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). The District of Kansas Rules contain a provision entitled "Motion to Reconsider," which provides:

> A party may file a motion asking a judge or magistrate judge to reconsider
> an order or decision made by that judge or magistrate judge.

> (a) Dispositive Orders and Judgments. Motions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Federal. R. Civ. P. 59(e) or 60. Reconsideration of such an order of judgment will not be granted under this rule.
> (b) Non-dispositive Orders. Motions seeking reconsideration of non-dispositive orders shall be filed within ten days after the filing of the order unless the time is extended by the court. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. D. Kan. R. 7.3.

The court's Memorandum and Order (Doc. 29) decided all the issues of the case and was a final judgment, therefore it was a dispositive order. Therefore, the plaintiff must file the motion to reconsider pursuant to Federal Rule of Civil Procedure 59(a) or 60.

Rule 59(e) states that "a motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." The Memorandum and Order was filed on December 18, 2009, and the Motion for Reconsideration was not filed until January 11, 2010. The motion was not filed within the 10 day period.

Rule 60(b) sets forth six grounds for relief from a final judgment, order or proceeding. Relief under Rule 60(b) must be extraordinary and may only be granted in exceptional circumstances. Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). The Tenth Circuit has held the mistake provision of Rule 60(b)(1) is applicable only when a party has made an excusable litigation mistake, when an attorney in the litigation has acted without authority, or when the judge has made a substantive mistake of law or fact in the judgment or order. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). The courts have found excusable neglect when a litigant fails to appear based on the improper advise of counsel, Thompson v. Kerr-McGee Refining Corp., 660 F.2d 1380, 1384-85 (10th Cir. 1981), or letting an appeal deadline lapse because the notice of the entry of judgment was sent to a pro

2

se litigant's former attorney rather than the litigant herself.  <u>Wallace v. McManus</u>, 776 F.2d 915, 917 (10th Cir. 1985).  The plaintiff has not set forth any facts which show excusable neglect or mistake.  The plaintiff has not set forth evidence which would meet any of the six grounds.

      IT IS THEREFORE ORDERED the plaintiff's Motion for Reconsideration (Doc. 31) is DENIED.

      IT IS FURTHER ORDERED the plaintiff's Motion to Re-appoint Counsel (Doc. 32) is DENIED.

      IT IS SO ORDERED this 5th day of February, 2010 in Wichita Kansas.


        s/ Wesley E. Brown
        Wesley E. Brown, U.S. Senior District Judge